**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

**UNITED STATES OF AMERICA**

**v.** **Criminal No. 3:24cr105**

**SHEKEN JAMAL HOLBERT,**

**Defendant.**

# MEMORANDUM OPINION

This matter comes before the Court on Defendant Sheken Jamal Holbert's Motion for Compassionate Release (the "Motion" or "Motion for Compassionate Release"). (ECF No. 54.) The United States responded in opposition. (ECF No. 58.)

This matter is ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. For the reasons articulated below, the Court will deny the Motion for Compassionate Release.

## I. Background

On July 16, 2024, a grand jury charged Mr. Holbert with six counts of distribution of controlled substances in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Counts One, Two, Three, Six, Eight, and Nine); one count of use and carry of a firearm during and in relation to a felony drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Four); and two counts of possession of a firearm after a felony conviction in violation of 18 U.S.C. § 922(g)(1) (Counts Five and Seven). (ECF No. 1.) On February 12, 2025, Mr. Holbert pled guilty pursuant to a plea agreement to Counts Three and Four, charging him with distribution of cocaine and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) (Count Three) and use and carry of a firearm

during and in relation to a felony drug trafficking crime in violation of 18 U.S.C. § 924(c) (Count Four). (ECF Nos. 24, 25.)

Prior to sentencing, the United States Probation Office prepared a Presentence Report ("PSR"). (ECF No. 33.) The PSR reported a Total Offense Level of 21 and criminal history score of 4, resulting in a criminal history category of III and yielding a sentencing guidelines range of 46–57 months' imprisonment on Count Three and 60 months' imprisonment on Count Four, to run consecutive to the term of imprisonment on Count Three. (ECF No. 33 ¶¶ 34, 36, 98–99.)

On July 1, 2025, this Court sentenced Mr. Holbert to a total of 84 months' imprisonment, consisting of a below-guidelines sentence of 24 months on Count Three and a guidelines sentence of 60 months on Count 4. (ECF No. 40, at 1, 2.) Mr. Holbert's current projected release date is July 9, 2030.[1]

## <u>II. Standard of Review</u>

18 U.S.C. § 3582(c)(1)(A) authorizes a defendant to, after exhausting their administrative remedies with the Bureau of Prisons ("BOP"), move a court for compassionate release. A court considering a motion for compassionate release proceeds in two steps. First, the court "determines whether the defendant is eligible for a sentence reduction." *United States v. Moody*, 115 F.4th 304, 310 (4th Cir. 2024). To be eligible, the court must find that relief is warranted because of "extraordinary compelling reasons," and that such relief is "consistent with applicable policy statements" issued by the United States Sentencing Commission (the "Sentencing Commission"). 18 U.S.C. § 3582(c)(1)(A)(i); *Moody*, 115 F.4th at 310. The Sentencing

[1] *See* Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Sept. 2, 2026).

Commission's policy statement identifies six categories of extraordinary and compelling reasons that may allow for a sentence reduction. *See* U.S.S.G. § 1B1.13(b).[2]

Second, if the court finds that extraordinary and compelling reasons exist, the "court considers whether the 18 U.S.C. § 3553(a) sentencing factors support relief." *Moody*, 115 F.4th at 310.

## III. Analysis

Mr. Holbert argues that he is entitled to a sentence reduction to time served because two of his minor children lack adequate caregivers, thereby constituting an extraordinary and compelling reason for release under U.S.S.G. § 1B1.13(b)(3)(A), and because the § 3553(a) sentencing factors support his release. (ECF No. 54, at 4–9.) The United States opposes Mr. Holbert's Motion, contending that Mr. Holbert failed to exhaust his administrative remedies and has neither shown that extraordinary and compelling reasons exist nor that the § 3553(a) factors support release. (ECF No. 58, at 5–10.) For the reasons articulated below, the Court waives Mr. Holbert's exhaustion requirement but finds that he has not shown that extraordinary and compelling reasons exist for his release or that the § 3553(a) factors would support release. The Court will deny the Motion.

### A. The Court Waives Mr. Holbert's Exhaustion Requirement

A defendant seeking compassionate release ordinarily must first apply to the BOP to bring a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). After seeking relief from the

[2] Such circumstances include: (1) certain medical circumstances of the defendant, such as terminal illness or the inability to receive specialized medical care while incarcerated; (2) the defendant's age; (3) the defendant's family circumstances; (4) the fact that the defendant, while in custody, was the victim of sexual or physical abuse committed by, or at the direction of, a correctional officer; (5) "any other circumstance or combination of circumstances . . . similar in gravity to" the circumstances "described in paragraphs (1) through (4)"; and, (6) the defendant's receipt of an "unusually long sentence." U.S.S.G. § 1B1.13(b)(1)–(6).

BOP, a defendant can proceed to district court if he or she exhausts their administrative remedies for relief with the BOP, or if the BOP fails to act within 30 days of the defendant's requesting such relief. *Id.*; *United States v. Ferguson*, 55 F.4th 262, 268 (4th Cir. 2022).

A court may waive the exhaustion requirement in certain circumstances, including where pursuing exhaustion would be futile, result in inadequate relief, or subject the defendant to undue prejudice. *United States v. Evans*, 504 F. Supp. 3d 519, 525 (E.D. Va. 2020). The United States waives the exhaustion requirement if it fails to timely raise exhaustion as a defense. *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021).

The parties disagree as to whether Mr. Holbert exhausted his administrative remedies. Mr. Holbert contends that he submitted a request for compassionate release to the warden of FCI Cumberland in October 2025 and that, at the time of the filing of his Motion, he had not received a response. (ECF No. 54, at 4.) The United States and the United States Probation Office state that the BOP did not receive a compassionate release request from Mr. Holbert in October 2025.[3] (ECF No. 55, at 2; ECF No. 58, at 5.) In light of the conflicting representations, and in the interest of justice, the Court waives the exhaustion requirement and proceeds to the merits of Mr. Holbert's Motion.

---

[3] On March 11, 2026, Mr. Holbert supplemented the record with a Notice of Administrative Request (the "Notice"). (ECF No. 62.) The Notice attaches a "Response to Inmate Request to Staff Member" provided by the BOP to Mr. Holbert dated February 13, 2026. (ECF No. 62-1.) The BOP's response indicates that Mr. Holbert submitted a request for compassionate release with the BOP on January 14, 2026, and states that the BOP needs "more information and documentation from" from Mr. Holbert to evaluate his request for compassionate release. (ECF No. 62-1, at 2.)

Mr. Holbert "requests that the Court consider" his request to the BOP to "find that Mr. Holbert's compassionate release motion is ripe for adjudication." (ECF No. 62, at 1.) The Notice makes no mention of any administrative relief requested by Mr. Holbert in October 2025.

### B. The Motion Does Not Establish Extraordinary and Compelling and Compelling Reasons for Mr. Holbert's Release[4]

Mr. Holbert moves for compassionate release under U.S.S.G. § 1B1.13(b)(3)(A),[5] which provides that the death or incapacitation of the caretaker of a defendant's minor child constitutes an extraordinary and compelling reason to grant compassionate release. (ECF No. 54, at 1, 4 (citing U.S.S.G. § 1B1.13(b)(3)(A).) Mr. Holbert explains that in November 2024—while Mr. Holbert was in federal custody—the mother of Mr. Holbert's two youngest children was arrested and charged with felony child neglect. (ECF No. 54, at 4 (citing ECF No. 48, at 1–2)); *see also* ECF No. 33, at 2.) Following her arrest, Mr. Holbert's two youngest children were placed in foster care. (ECF No. 54, at 5; *see also* ECF No. 33 ¶ 65.) On October 20, 2025, the Chesterfield County Juvenile and Domestic Relations Court ("J&DR Court") terminated Mr. Holbert's parental rights as to his two youngest children, as well as the parental rights of their mother. (ECF No. 54, at 1.) Mr. Holbert's mother and his paternal grandmother petitioned the

---

[4] The parties submit little evidence in support of their respective positions. Accordingly, the Court cites to the parties' briefing in discussing the relevant facts but limits its discussion to facts cited by both parties, which it deems, for the purposes of this Memorandum Opinion, to be undisputed.

The Court also considers information provided by the parties in joint status updates filed at the Court's direction in September 2025 when Mr. Holbert filed a *pro se* motion for compassionate release. (ECF Nos. 46, 48.)

[5] U.S.S.G. § 1B1.13(b)(3)(A) provides in full:

(3) Family Circumstances of the Defendant.—

> (A) The death or incapacitation of the caregiver of the defendant's minor child or the defendant's child who is 18 years of age or older and incapable of self-care because of a mental or physical disability or a medical condition.

U.S.S.G. § 1B1.13(b)(3)(A).

J&DR Court for custody of Mr. Holbert's children, but the J&DR Court denied both petitions. (ECF No. 54, at 1, 5.) Mr. Holbert contends that because "the familial caregivers of Mr. Holbert's minor children, the mother of Mr. Holbert's youngest children and [Mr. Holbert's] mother, have been effectively incapacitated by the [J&DR Court's] rulings, extraordinary and compelling reasons exist for a sentence reduction." (ECF No. 54, at 6.) In response, the United States argues that Mr. Holbert has not established that his children's caretaker is deceased or incapacitated, that his children lack other caretakers, or that Mr. Holbert would have custody of his children upon his release. The Court agrees with the United States.

First, Mr. Holbert has not established that his children's caretaker is incapacitated. In the Motion, Mr. Holbert focuses on the incapacitation of his children's mother and his own mother as a result of the J&DR Court's orders terminating his children's mother's parental rights and denying his mother's petition for custody.[6] But as the United States correctly points out, Mr. Holbert's children were in foster placement *before* this Court sentenced Mr. Holbert, and neither the children's mother nor Mr. Holbert's mother had—or have—custody over the children. (ECF No. 58, at 6; ECF No. 33 ¶ 65.) To show that Mr. Holbert's children's caretaker is incapacitated, Mr. Holbert would have to demonstrate that their *foster placement* was incapacitated, which he

---

[6] Mr. Holbert assumes, without citing authority, that J&DR Court's termination of his children's mother's parental rights and denial of his mother's petition for custody amount to "incapacitation" under U.S.S.G. § 1B1.13(b)(3)(A).

The Policy Statement does not define "incapacitation." Accordingly, district courts often "look[] to BOP Program Statement 5050.50 for guidance," which defines "'incapacitation,' in relevant part, as 'a serious injury, or a debilitating physical illness,' which renders a caregiver 'completely disabled.'" *United States v. Lynch*, No. 4:20-cr-53, 2025 WL 1947790, at *3 (E.D.N.C. July 15, 2025) (colleting cases) (quoting BOP Program Statement 5050.50, at 10). This definition suggests that, even if Mr. Holbert's children's mother or Mr. Holbert's mother were his children's caretakers, the J&DR Court's orders may not qualify as "incapacitation" for purposes of U.S.S.G. § 1B1.13(b)(3)(A). The Court need not and does not decide that here.

does not do. Without argument or evidence on this point, Mr. Holbert fails to establish, as he must, that his children's caretaker is incapacitated.[7] *See* U.S.S.G. § 1B1.13(b)(3)(A).

Mr. Holbert has also failed to show that even were the Court to release him, he would be an available caregiver for his children. *See United States v. Whitted*, No. 5:15-cr-372-M-1, 2025 WL 1944018, at *7 (E.D.N.C. July 15, 2025) (explaining that defendant's argument for release under § 1B1.13(b)(3)(A) was "necessarily predicated on the argument that Defendant would be an appropriate caregiver for his minor children if released"); *United States v. Paul*, No. 3:18-cr-00227, 2020 WL 5807343, at *2 (S.D.W. Va. Sep. 25, 2020) (finding that defendant failed to establish extraordinary and compelling reasons for his release because he had "not demonstrated that he would be a suitable caretaker" in that he failed to provide "evidence that he retain[ed] parental or custodial rights over the children"). As Mr. Holbert concedes, the J&DR Court terminated his parental rights in October 2025. (ECF No. 54, at 1; ECF No. 58, at 1.) Because Mr. Holbert has no legal parental rights, the Court cannot find that his release would provide his two youngest children with an alternative caretaker.[8]

---

[7] Courts have recognized that the incapacitation or death of a minor child's familial caregiver that would result in the child's placement in foster care may satisfy U.S.S.G. § 1B1.13(b)(3)(A). *See, e.g.*, *United States v. Lynch*, No. 4:20-r-53, 2025 WL 1947790, at *3–4 (E.D.N.C. July 14, 2025). The instant case is distinct from those cases, however, in that Mr. Holbert's children were in foster care *before* he began his sentence. And the record does not demonstrate that the foster care placement has faltered in any way.

[8] The parties dedicate a significant portion of their briefing to whether Mr. Holbert is required to show that his children have no other suitable caretakers in order to establish an extraordinary and compelling circumstance under U.S.S.G. § 1B1.13(b)(3)(A). (ECF No. 54, at 5–6 & n.1; ECF No. 58, at 5–6.) As courts have observed, the text of § 1B1.13(b)(3)(A) requires a defendant only to show that his or her minor child's caretaker is deceased or incapacitated. *Id.* By contrast, the Sentencing Commission's other bases for extraordinary and compelling circumstances due to familial circumstances expressly state that the defendant must show that he or she is the *only* available caregiver. Accordingly, some courts within the United States Court of Appeals for the Fourth Circuit have required a defendant seeking release to care for his or her minor child under § 1B1.13(b)(3)(A) to show that he or she is the only available caregiver, *United States v. James*, 7:19-cr-00024-3, 2023 WL 6164018, at *3 (W.D. Va. Sep. 21, 2023),

The Court is sympathetic to Mr. Holbert's concern for his children's wellbeing and the desire for them to have strong familial relationships. But because Mr. Holbert has neither established that his children's current caretaker is incapacitated nor that he would be able to care for them if he were released, he has not shown an extraordinary and compelling circumstance for release under U.S.S.G. § 1B1.13(b)(3)(A).

### C. <u>The § 3553(a) Factors Do Not Support Compassionate Release</u>

Even assuming that Mr. Holbert presented an extraordinary and compelling circumstance, the § 3553(a) factors weigh against his release. In the interest of creating a full record, the Court discusses those factors here.

The § 3553(a) factors include the nature and circumstances of the offense and the history and characteristics of the defendant, § 3553(a)(1); the need for the sentence to: reflect the seriousness of the offense, afford adequate deterrence to criminal conduct, protect the public from further crimes, and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment, § 3553(a)(2)(A)–(D); the kinds of sentences available, § 3553(a)(3), (4); any pertinent policy statement issued by the Sentencing Commission, § 3553(a)(5); the need to avoid unwarranted sentencing disparities, § 3553(a)(6); and, the need for restitution, § 3553(a)(7).

District courts enjoy "'broad discretion'" in analyzing the § 3553(a) factors when considering a motion for compassionate release. *United States v. Burleigh*, 145 F.4th 541, 548

---

while others have not, *United States v. Cunningham*, No. ELH-18-017, 2024 WL 4057004, at *7–10 (D. Md. Sep. 4, 2024).

For the reasons stated above, regardless of whether Mr. Holbert must show that he is the *only* available caregiver to prevail under § 1B1.13(b)(3)(A), Mr. Holbert has failed to show *he* would be an available caretaker if released. The Court need not and does not decide whether Mr. Holbert must show that no other caretakers exist.

(4th Cir. 2025) (quoting *United States v. Bethea*, 54 F.4th 826, 834 (4th Cir. 2022)). "[D]istrict courts are only required to address the § 3553(a) factors 'to the extent that they are applicable.'" *Id.* (quoting § 3553(a)).

The nature and circumstances of Mr. Holbert's underlying conviction are serious, involving the sale of illegal narcotics, including cocaine and fentanyl, over nearly a year in a high crime area of Richmond, Virginia. (ECF No. 25 ¶¶ 2–7.) This serious conduct counsels against compassionate release. Mr. Holbert's history and characteristics likewise counsel against release. Despite his young age, Mr. Holbert has a significant criminal history, including convictions for drug-related offenses predating the instant underlying charges. (ECF No. 33 ¶¶ 26–36.) Especially relevant here, Mr. Holbert was convicted in 2023 of possession of a Schedule I or II drug in Henrico County Circuit Court. (ECF No. 33 ¶ 30.) At the time of his arrest on that charge, arresting officers found cocaine, digital scales, and large amounts of United States currency in Mr. Holbert's car and on his person, all in the presence of his eleven-month-old child, who was in the backseat. (ECF No. 33 ¶ 30.) The Court recognizes that Mr. Holbert had a challenging childhood, and that he suffers from considerable cognitive limitations and significant health issues. (ECF No. 54, at 7; ECF No. 33 ¶¶ 58–63; ECF No. 33-1 (results of mental health evaluation conducted at sentencing).) Nevertheless, Mr. Holbert's history and characteristics, and particularly his convictions for drug-related offenses, weigh against release.

Releasing Mr. Holbert would not provide adequate deterrence. The Court sentenced Mr. Holbert less than six months before he filed the instant Motion, and Mr. Holbert has approximately four years remaining on his seven-year (below guidelines) sentence. Releasing Mr. Holbert at this stage, with over half of his sentence remaining, and considering his

significant criminal history for similar offenses, would not adequately deter Mr. Holbert from committing additional crimes or deter others from doing the same.

Finally, at the time he filed the Motion, Mr. Holbert was on the waitlist for several courses and programs, including health-related classes, GED study courses, and a non-residential drug treatment program. (ECF No. 54, at 2; ECF No. 55, at 2.) Terminating Mr. Holbert's sentence before he accesses treatment and educational courses would fail to provide him with needed educational and medical care.

Accordingly, Mr. Holbert has not shown that the § 3553(a) factors support a reduction in his sentence or release from imprisonment.

## IV. Conclusion

For the reasons articulated above, the Court will deny Mr. Holbert's Motion for Compassionate Release. (ECF No. 54.) The Court will deny as moot Mr. Holbert's *pro se* Motion for Compassionate Release. (ECF No. 45.)

An appropriate Order shall issue.

/s/
M. Hannah Lauck
Chief United States District Judge

Date: 9/2/26
Richmond, Virginia